UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK : | | |
| Plaintiff, : | | |
| : | | |
| v. : | CIVIL ACTION NO. | |
| : | 3:06-cv-01091 (VLB) | |
| MILLER FORD, INC., et al, : | | |
| Defendants. : | December 7, 2007 | |
| : | | |

## MEMORANDUM OF DECISION
## MOTION TO DISMISS [Dkt. No. 10]

On July 17, 2007, the plaintiff, Stephen Ceslik, filed the instant action (*Ceslik II*). The gravamen of Ceslik's complaint is that the defendants[1] have perjured themselves, destroyed documents, harassed witnesses and generally acted in ill regard throughout the course of another action, currently pending in Connecticut District Court before Judge Alvin W. Thompson, Docket No. 3:04-cv-02045 (AWT) (*Ceslik I*). On November 21, 2006, the defendants moved to dismiss this case on the grounds of, *inter alia*, collateral estoppel and the prior pending action doctrine. For the foregoing reasons, the motion to dismiss is granted.

## I. FACTS

*Ceslik I* alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. against Miller Ford. In *Ceslik II,* the plaintiff restates

---

[1] The defendants include Ceslik's former employer Miller Ford, Inc., ("Miller Ford,"), Miller Ford's principal owner, Paul Miller, General Manager Robert Pavia, Sales Manager Ralph Frascatore and counsel to Miller Ford in *Ceslik I*, Attorney Robert Rhodes.

claims asserted in *Ceslik I* and in addition claims a deprivation of Constitutional rights under color of law pursuant to 42 U.S.C. § 1983 based upon perceived procedural improprieties committed by the defense in *Ceslik I* "to cover up [defendants'] illegal discrimination" by presenting "elaborate lies" to Judge Thompson.[2]  ¶¶ 5, 19 Comp. filed 7/17/06, Dkt. No. 6-1091.

Specifically, Miller Ford had previously moved to dismiss *Ceslik I* for failure to timely file discrimination complaints with either Equal Employment Opportunity Commission ("EEOC") or the Connecticut Commission on Human Rights and Opportunities ("CCHRO").  Judge Thompson denied the motion to dismiss, finding that Ceslik timely filed his EEOC complaint.  Ceslik argues that Judge Thompson's ruling is evidence of the current defendants' fraud upon the court; their arguments in support of their motion to dismiss constitute the "elaborate lies" that Ceslik now complains of.

In addition to his fraud upon the court allegations, Ceslik claims that while litigating *Ceslik I* the defendants:  (1) committed spoliation of evidence by failing to preserve and/or wilfully destroying records pertinent to his claims; (2) failed to comply with discovery requests; (3) engaged in ex-parte communications by mailing documents to chambers without providing him a copy or giving him a chance to respond; (4) harassed and tampered with Ceslik's witnesses; and  (5) mailed pornographic materials to Ceslik's home in retaliation for initiating suit.

---

[2] In *Ceslik I*, the sole defendant is Miller Ford.  Although *Ceslik II* has additional defendants, all of additional defendants are either employees of or attorneys representing Miller Ford.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss, the allegations of the complaint are accepted as true and are construed in a light most favorable to the plaintiff. *Almonte v. City of Long Beach*, 478 F.3d 100, 104 (2d Cir. 2007). "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court." *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 469 (1998). "A court applying the prior pending action doctrine "must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 231, 828 A.2d 64 (2003). "A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket." *Ziemba* v. *Clark*, 167 Fed. Appx. 831, 832 (2d Cir. 2006) citing *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

## III. DISCUSSION

The allegations of the complaint filed in *Ceslik II* fall into two categories: allegations of misconduct in relation to the ongoing litigation and allegations reiterating the claims made in *Ceslik I*. The alleged perjury, discovery violations, ex-parte communications and bad faith filings arising during the litigation of *Ceslik I* and claimed in *Ceslik II* are matters properly brought, and indeed have been brought, in *Ceslik I*. Numerous motions addressing the defendants'

3

purported misdeeds, including motions for sanctions, protective orders and disqualification, were filed by Ceslik (and in most cases ruled upon) in *Ceslik I*. Ceslik does not dispute that he filed these motions ("[n]umerous issues raised here were also raised in motions in the prior case . . . .") ¶ 2, Plain. Obj. Mot. Dismiss, Dkt. No. 17, but nevertheless asserts that a separate action is sustainable.

Aside from the addition of defendants and the allegations that these defendants engaged in courtroom misconduct, there is no discernible difference between the allegations found in the complaints of *Ceslik I* and *Ceslik II*. Ceslik claims that the defendants "deliberately removed documents from the plaintiff's personnel/employee file and they previously stated that they had and did not retain them as required by law . . in fact . . . they destroyed them" ¶¶ 17, 22. Comp. filed 7/17/06, Dkt. No. 6-1091. This allegation has already been made, however, in *Ceslik I* when the plaintiff alleges, under the caption "failure to maintain Ceslik's employment file as required by law," that "[t]he defendant has removed portions of the plaintiff's file." 5/27/05 Amend. to 12/3/04 complaint. In *Ceslik II*, the plaintiff alleges that "the defendants . . . caused homosexual pornographic materials . . . to be placed in the plaintiff's mail box in March 2005." ¶ 17, Comp. filed 7/17/06, Dkt. No. 6-1091. In *Ceslik II*, the plaintiff alleges that "[o]n 3/14/05, Paul Miller and/or his agents left two gay magazines in the plaintiff's mailbox." 5/27/05 Amend. to 12/3/04 complaint.

4

**A separate, independent action may not be sustained to challenge the rulings issued in a pending case. The Federal Rules of Civil Procedure provide the mechanisms for addressing inappropriate conduct by counsel. Rules 11 (b) and (c) hold parties accountable for their representations to the court and provide recourse in the form of sanctions for misrepresentations.[3] Rule 37 provides a remedy for violation of the discovery rules.[4] Rules 19 and 20 provide a vehicle for joining additional defendants to *Ceslik I* for purposes of addressing improprieties**

---

[3] Rule 11 provides that:
By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge . . . :(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions. (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . "

[4] Rule 37 provides:
"Sanctions in the District Where the Action Is Pending.
(A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part;(iv) staying further proceedings until the order is obeyed;(v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**committed in the course of *Ceslik I* to the extent sanctions are inadequate.[5]
Finally, a party has a right to appeal any ruling of the court which the party
believes the court to have entered in error. 28 U.S.C. §§1291, 1294. These rules
obviate the need for a separate action.**

**Since the allegations in *Ceslik II* are duplicative of *Ceslik I* and challenges
to the litigants' conduct in *Ceslik I* can and have been asserted in *Ceslik I,* the
motion to dismiss is granted.**

**IT IS SO ORDERED.**

**_____/S/_____**

**Vanessa L. Bryant**

**United States District Judge**

---

[5] Rule 19 provides:
"(a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Rule 20 provides:
(a) Persons Who May Join or Be Joined. . . . (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. . . . "